# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 19, 2013

Lyle W. Cayce
Clerk

No. 12-41007
Summary Calendar

MICHAEL WHITE,

Plaintiff-Appellant

v.

BURKE CENTER,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:11-CV-109

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Michael White, proceeding *pro se* and *in forma pauperis* as he did in the district court, appeals that court's judgment dismissing his claims against his former employer, Defendant-Appellee, the Burke Center, a governmental health authority serving a multi-county area of East Texas. The district court granted Appellee's motion for summary judgment to dismiss White's claims grounded in alleged violations of Title VII of the Civil Rights Act

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41007

of 1964, 42 U.S.C. §2000(e)-5, and the Americans With Disabilities Act, alleging sex discrimination, disability discrimination, and retaliation. The court did so after determining that White had failed to present any summary judgment evidence of employment discrimination or retaliation (other than his subjective beliefs) sufficient to establish a genuine issue of material fact that the legitimate, non-discriminatory reasons put forth by Appellee for firing White were pretextual or that it had retaliated against White for anything at all.

We have reviewed the record on appeal and the applicable facts and law as presented by the parties in their appellate briefs and by the magistrate judge to whom this case was transferred with the consent of the parties pursuant to 28 U.S.C. §836, and we are satisfied that her Final Judgment of August 28, 2012, dismissing White's action, should be affirmed for essentially the reasons patiently explained in the magistrate judge's 15 page Memorandum Opinion and Order on Motion for Summary Judgment, also dated August 28, 2012. In essence, she correctly determined that White was fired on the basis of a unanimous decision of a five-administrator committee (two male and three female) because of his repeated refusal to comply with instructions and guidelines for billing Medicaid, despite his having been trained in the proper methodology, cautioned following numerous failures to comply, placed on probation for such billing errors, and billed Medicaid for the time he spent on travel or on time other than directly in the service of mental health clients of Appellee, in disregard of express instructions not to do so. Neither do White's own healthcare providers or any other evidence support a claim of a disability recognized under the ADA; nor is there record evidence of any protected act or omission by White in retaliation for which Appellee might have terminated his employment or taken any adverse action. In contrast, Appellee adduced substantial summary judgment evidence in support of the conclusion that its firing of White was grounded in legitimate, non-discriminatory reasons that

2

No. 12-41007

were in no way related to his sex, his age, or any disability, actual or perceived. White's vague references to "evidence" that he would present on trial fall well short of the standard required by this and other courts to establish the presence of the genuine issue of material fact.

The judgment of the district court is, in all respects,

AFFIRMED.